IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY AREGOOD, JR.; RICK ARNDT; STACY ARNDT; DAVID BLACK; LUTHER DANIEL COLE; RICK ELLIS; RHONDA GROSS; MICHELE HEDDEN; LESLIE HINMAN; ROBERT HOLBROOK; KATHY HOWARD; MICHAEL HUDAK; MARVIN JEFFREY; GRACE JONES; KENT KORNIAK; SHIRLEY LEGRAND; STEPHEN LILLY; BOB MACIEJEWSKI, JR.; JANALU MCKAY; RANDI NAGEL; LAURA RILEY; SHARON SMITH; WILLIAM TOMPKINS; BRIAN VALLEE; DAVE WALKER; REBECCA YODER; and LINDA ZICKMUND; <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL FLAVORS & FRAGRANCES INC.; BUSH BOAKE ALLEN, INC.; CHR. HANSEN, INC.; DAIRY FARMERS OF AMERICA; FIRMENICH INCORPORATED; GIVAUDAN FLAVORS CORPORATION;HENKEL CORPORATION, as successor through merger with Indopco, Inc.; J MANHEIMER, INC.; GIVAUDAN FLAVORS & FRAGRANCES, INC., f/k/a QUEST INTERNATIONAL FLAVORS AND FRAGRANCES, INC.; SENSIENT FLAVORS LLC, f/k/a SENSIENT FLAVORS, INC.; SYMRISE, INC., f/k/a Dragoco; and JOHN DOE DEFENDANTS (1-20); <br><br> Defendants. | Case No. <br><br> **1:14-cv-0274 SEB-TAB** |

**BUSH BOAKE ALLEN, INC.'S AND INTERNATIONAL
FLAVORS & FRAGRANCES INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441, *et seq.*, Defendants BUSH BOAKE ALLEN, INC.

("BBA") and INTERNATIONAL FLAVORS & FRAGRANCES INC. ("IFF") (collectively,

"Removing Defendants"), by and through their counsel, hereby give Notice of Removal of the above-styled action from the Superior Court of Marion County, State of Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. Removing Defendants submit that original subject matter jurisdiction exists in the United States District Court for the Southern District of Indiana, Indianapolis Division, and avers the following in support of this Notice of Removal:

## INTRODUCTION

1. On or about January 24, 2014, Plaintiffs filed this action in the Superior Court of Marion County, State of Indiana, Case Number 49D071401PL001817. The Complaint identified BBA, IFF, CHR. Hansen, Inc., Dairy Farmers of America, Firmenich, Incorporated, Givaudan Flavors Corporation, Henkel Corporation, as successor through merger with Indopco, Inc., J Manheimer, Inc, Givaudan Flavors & Fragrances, Inc., f/k/a Quest International Flavors and Fragrances, Inc., Sensient Flavors LLC, f/k/a Sensient Flavors, Inc., Symrise, Inc., f/k/a Dragoco, and a number of John Doe Defendants.

2. IFF was served with Plaintiffs' Complaint on February 3, 2014; BBA was served with Plaintiffs' Complaint on February 6, 2014; Upon information and belief, Chr. Hansen was served with Plaintiffs' Complaint on January 31, 2014; Dairy Farmers of America ("DFA") was served with Plaintiffs' Complaint on January 31, 2014; Firmenich, Incorporated ("Firmenich") was served with Plaintiffs' Complaint on February 3, 2014; Givaudan Flavors Corporation ("Givaudan") was served with Plaintiffs' Complaint on February 3, 2014; improperly named Henkel Corporation, as successor through merger with Indopco, Inc.[1] ("Henkel") was served with Plaintiffs' Complaint on January 31, 2014; It does not appear that J Manheimer, Inc. ("J

---

[1] Henkel Corporation, as successor through merger with Indopco, Inc., entered its special and limited appearance in the Marion County actions as of February 20, 2014.

Manheimer") has been properly served with Plaintiffs' Complaint; Givaudan Flavors & Fragrances, Inc. f/k/a Quest International Flavors and Fragrances, Inc. ("Quest") has not been properly served; Sensient Flavors LLC, f/k/a Sensient Flavors, Inc. ("Sensient") was served with Plaintiffs' Complaint on February 3, 2014; Symrise, Inc., f/k/a Dragoco ("Symrise") was served with Plaintiffs' Complaint on February 3, 2014;

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Removing Defendants is attached hereto as **Exhibit "A."**

4. In this action, Plaintiffs claim injuries allegedly sustained as a result of exposure to Defendants' natural and artificial butter flavorings while working at a ConAgra Snack Foods Group, Popcorn Division ("ConAgra") plant located in Rensselaer, Indiana ("Plant"). (Complaint at ¶¶ 1-2). Plaintiffs assert claims of Strict Liability in Tort – Defective Condition, Failure to Warn, Negligence, Design Defect, and Punitive Damages against Defendants. (*See, generally, id.*).

5. Plaintiffs have pled a products liability claim that presents a controversy between "citizens of different States," within the meaning of 28 U.S.C. § 1332(a)(1). Although Sensient's principal place of doing business is in Indiana, it is not a citizen of Indiana. Nevertheless, and in the alternative, even if Sensient were a citizen of Indiana, because there is no possibility that Plaintiffs can establish a cause of action against Sensient under Indiana law, Plaintiffs have fraudulently joined Sensient as a defendant in this matter, and thus, this Court has jurisdiction over the case on that basis.

## NOTICE OF REMOVAL IS TIMELY

6. This removal is timely under 28 U.S.C. § 1446(b) because Removing Defendants filed the Notice of Removal within 30 days of receipt of the initial pleadings, which were served

on Defendant IFF on February 3, 2014. *See Himes v. Allstate Property and Cas. Ins. Co.*, 1:13-CV-00456-TWP, 2013 Wl 1857440, at *1 (S.D. Ind. May 2, 2013); *Marano Enters. Of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753 (8th Cir. 2001).

## VENUE IS PROPER IN THE SOUTHERN DISTRICT

7. The United States District Court for the Southern District of Indiana is the proper venue for removal under 28 U.S.C. § 1441(a) because the Southern District, Indianapolis Division, encompasses Marion County, Indiana. *See* 28 U.S.C. § 94(b)(1).

## DIVERSITY JURISDICTION EXISTS AS BETWEEN THE PLAINTIFFS AND DEFENDANTS

8. The Court has original jurisdiction over this case under the provisions of 28 U.S.C. § 1332(a)(1), and the case may be removed to this Court under 28 U.S.C. § 1441(a) and (b) in that complete diversity of citizenship exists between Plaintiffs and all Defendants – none of which is a citizen of Indiana – and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Upon information and belief, Plaintiffs are, and were at the time of this filing, citizens of Indiana. (*See* Complaint at ¶ 4(1)-(27)).

10. Defendant IFF is a New York corporation with its principal place of business in New Jersey, and for jurisdictional purposes, is a citizen of New York and New Jersey.

11. Defendant BBA is a Virginia corporation with its principal place of business in New York, and for jurisdictional purposes, is a citizen of Virginia and New York.

12. Upon information and belief, Defendant Chr. Hansen is a Wisconsin corporation with its principal place of business in Wisconsin, and for jurisdictional purposes, is a citizen of Wisconsin.

13. Upon information and belief, Defendant DFA is a Kansas cooperative marketing association formed under the Kansas Cooperative Marketing Act with its principal place of business in Missouri. For purposes of diversity jurisdiction, DFA is treated like a corporation, and as such, is a citizen of both Kansas and Missouri.

14. Upon information and belief, Defendant Firmenich is a Delaware corporation with its principal place of business in New Jersey, and for jurisdictional purposes, is a citizen of Delaware and New Jersey.

15. Upon information and belief, Defendant Givaudan is a Delaware corporation with its principal place of business in Ohio, and for jurisdictional purposes, is a citizen of Delaware and Ohio.

16. Upon information and belief, improperly named Defendant Henkel is a Delaware corporation with a principal place of business in Connecticut, and for jurisdictional purposes, is a citizen of Delaware and Connecticut.

17. Upon information and belief, Defendant J Manheimer is New Jersey corporation with its principal place of business in New Jersey, and for jurisdictional purposes, is a citizen of New Jersey.

18. Upon information and belief, Defendant Quest is a Delaware corporation with its principal place of business in Ohio, and for jurisdictional purposes, is a citizen of both Delaware and Ohio.

19. Upon information and belief, Defendant Sensient is a Delaware limited liability company with its principal place of business in Indiana. Sensient's sole member is Sensient Technologies Corporation, which is a Wisconsin corporation with its principal place of business in Wisconsin. For jurisdictional purposes, Sensient is a citizen of Wisconsin.

20. Upon information and belief, Defendant Symrise is a New Jersey corporation with its principal place of business in New Jersey, and for jurisdictional purposes, is a citizen of New Jersey.

### EVEN IF DEFENDANT SENSIENT IS DETERMINED TO BE A CITIZEN OF INDIANA, THIS COURT SHOULD DISREGARD ANY SUCH CITIZENSHIP BECAUSE IT IS FRAUDULENTLY JOINED

21. 28 U.S.C. § 1441(b) provides that removal based on diversity jurisdiction is proper "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." (emphasis added).

22. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined or mis-joined parties. *Walton v. Bayer Corp.*, 643 F.3d 994, 1000-01 (7th Cir. 2011); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

23. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under the "fraudulent joinder" doctrine, "proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction – *all that's required is proof that the claim against the nondiverse party is utterly groundless, and as a groundless claim does not invoke federal jurisdiction.*" *Walton*, 643 F.3d at 1000 (emphasis added).

24. "The 'fraudulent joinder' doctrine, therefore, permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur*, 577 F.3d at 763 (quoting *Mays v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)).

25. When a plaintiff names a defendant that is nondiverse under the fraudulent joinder doctrine, then "the district judge must dismiss that [nondiverse] defendant before ruling on the plaintiff's motion to remand." *Walton*, 643 F.3d at 1000; *see also Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278 (11th Cir. 2006).

26. Here, regardless of its citizenship, Sensient is improperly named as a defendant as it has never made any sales of natural and artificial butter flavoring to ConAgra; thus, Plaintiffs could not have been exposed to any of Sensient's natural and artificial butter flavoring. **(Affidavit of Penny Marsh, attached hereto as Exhibit "B").**

27. Under Indiana law, all theories of recovery based upon product liability "require proof that the injury sustained was proximately caused by the alleged product defect." *Kovach v. Caligor Midwest*, 913 N.E.2d 193, 197 (Ind. 2009) (finding that claims of strict products liability, negligent products liability, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose all require proof of causation); *U-Haul Int'l, Inc. v. Nulls Mach. & Mfg. Shop*, 736 N.E.2d 271, 281 (Ind. Ct. App. 2000) ("proximate cause is . . . an essential element not only of a claim of strict liability, but also a claim sounding in negligence").

28. "Proximate cause has two components: causation-in-fact and scope of liability." *Id.* (citing *City of Gary ex rel. King v. Smith & Wesson Corp.*, 801 N.E.2d 1222, 1243–44 (Ind. 2003)) (internal quotations omitted).

29. In cases involving allegations of injury caused by toxic exposures, the plaintiff must be able to show that he was exposed to a sufficient amount of a defendant's toxic substance to cause injury in order to recover from that defendant. This is often referred to as "product

identification." *See, e.g., Peerman v. Georgia-Pacific Corp.*, 75 F.3d 290, 293-94 (7th Cir. 1996); *Harris v. AC & S, Inc.*, 915 F. Supp. 1420, 1434-35 (S.D. Ind. 1995), *aff'd sub nom.*, *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429 (7th Cir. 1996); *Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 293-94 (7th Cir. 1996).

30. In the case *sub judice*, Plaintiffs alleged that they were exposed to Defendants' "natural and artificial butter flavorings" while working at the "ConAgra . . . Orville Redenbacher popcorn packaging plant in Rensselaer, Indiana." (Complaint at ¶ 1).

31. Sensient did not sell any natural or artificial butter flavoring products to ConAgra, *anywhere*, and as a result, none of Plaintiffs could have been exposed to Sensient's butter flavoring products while working at the ConAgra plant in question here. (**Marsh Aff., Exh. "B"**).

32. Hence, Plaintiffs cannot possibly establish causation against Sensient, and, as a matter of law, cannot possibly recover against Sensient. Consequently, under the "fraudulent joinder" doctrine, even if Sensient is a citizen of Indiana – and it plainly is not – such citizenship must be ignored for purposes of establishing diversity jurisdiction. *Schur*, 577 F.3d at 763; *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

## ALL PROPERLY SERVED DEFENDANTS CONSENT TO THE REMOVAL

33. Defendants DFA, Henkel, Sensient, Chr. Hansen, Givaudan, Symrise, and Firmenich consent and join IFF and BBA in this removal motion. **Written consent from these defendants is attached to this notice as Exhibit "C."** It does not appear that J Manheimer or Quest has been served with Plaintiffs' Complaint.

## THE AMOUNT IN CONTROVERSY HAS BEEN SATISFIED

34. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

35. "A defendant who removes a suit in which the complaint lacks a definite recovery demand must put forth a 'good-faith estimate of the stakes [which] is acceptable if it is plausible and supported by a preponderance of the evidence.'" *Bunch v. Wal-Mart*, 1:09-CV-071, 2009 WL 1076162 at *2 (N.D. Ind., Apr. 20, 2009) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)).

36. Although Plaintiffs' Complaint does not set forth a specific amount of damages sought, it is clear from the face of the Complaint that the amount-in-controversy exceeds the $75,000.00 threshold.

37. Each of the Plaintiffs claims that he or she has "developed severe, *permanent*, and progressive damage to the lungs, severe damage to the respiratory system, impairment, *and/or loss of the ability to function as a whole person*." (Complaint at ¶ 65) (emphasis added).

38. Each of the Plaintiffs claims that he or she has "suffered and will continue to suffer physical pain, loss of consortium, mental and emotional distress, and/or loss of sleep and natural rest." (*Id.*).

39. Each of the Plaintiffs claims that he or she has "suffered and will continue to suffer loss of wages and/or earning capacity," and "expended and will continue to expend

money for medical treatment, medication, medical monitoring and/or medical devices." (*Id.*).

40.  Each of the Plaintiffs claims that he or she is entitled to actual damages pertaining to his or her claims, as well as to costs and punitive damages. (*Id.* at ¶ 66).

41.  As a result of these allegations, Defendants are currently faced with at least 27 claims of at least the following categories of damages: (1) pain and suffering from severe and permanent lung disease/damage; (2) lost wages; (3) loss of earning capacity; (4) past medical treatment for severe and permanent lung disease/damage; (5) future medical treatment for severe and permanent lung disease/damage; (6) costs; and (7) punitive damages.

42.  As such, this case certainly meetings the $75,000.00 amount-in-controversy requirement.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

43.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the properly joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

44.  Removing Defendants have attached as Exhibit "A" to this Notice of Removal all process, pleadings, and order which comprise all of the pleadings from the state court, as required under 28 U.S.C. §§ 1441, 1446.

45.  This Notice of Removal is being served upon counsel for Plaintiffs and contemporaneously filed with the Clerk of Superior Court of Marion County, Indiana. Copies of the Notice of Filing Notice of Removal, together with the Notice of Removal are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(b).

46. All properly served Defendants consent to the removal of this proceeding.

47. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing the Notice of Removal.

48. A copy of Defendants' Notice to Plaintiff and Clerk of the Marion County Superior Court of the Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit "D".

49. All procedural requirements for removal have been satisfied.

WHEREFORE, Defendants IFF and BBA respectfully remove this action to the United States District Court for the Southern District of Indiana, Indianapolis Division, based on the fact that original subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

Respectfully submitted, this 24th day of February, 2014.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

_____
Michael Wroblewski
Louis J. Britton
Attorneys for Defendant,
International Flavors & Fragrances, Inc. and
Bush Boake Allen, Inc.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

/s/ *M. Alan Holcomb*
Thomas D. Allen (*pro hac vice* to be filed)
M. Alan Holcomb (*pro hac vice* to be filed)
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone: 404-876-2700
Facsimile: 404-875-9433
Email: tallen@wwhgd.com

Email: aholcomb@wwhgd.com
*Attorneys for Bush Boake Allen, Inc.,*
*and International Flavors & Fragrances Inc.*